# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br><br>ROBERT ZULKOSKI, et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 14cv116-LAB (WVG)<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND; AND**<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL** |

　　　　Plaintiff Scott Schutza, proceeding through counsel, filed his complaint in this case, bringing Americans with Disabilities Act claims and supplemental state claims. Defendants answered. Pursuant to the parties' joint motion, all Defendants except County Motor Parts Co., Inc. were dismissed. Schutza then filed a motion for leave to amend his complaint. The motion acknowledges that the original complaint alleged that County Motor Parts did not have wheelchair-accessible transaction counters that Schutza could use, but he has now discovered that there are such counters. The motion said his new claim would be based on the fact that "the policies and procedures of the business made it unavailable or accessible to him." Because it was unclear what this meant, the Court required Schutza to file a copy of his proposed amended complaint as an exhibit.

　　　　The ADA claim is the only federal claim, and forms the basis for this Court's exercise of jurisdiction. The Court is under a continuing obligation to confirm its own jurisdiction, *sua*

*sponte* if necessary. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Injunctive relief is the only form of relief available under Title III of the ADA. *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). If Schutza no longer needs that relief, the Court would lack authority to grant meaningful relief and the ADA claim is moot. *See Center for Bio. Diversity v. Lohn,* 511 F.3d 960, 963 (9th Cir. 2007).

Ordinarily, leave to amend is freely granted. *See* Fed. R. Civ. P. 15. But leave may be denied if amendment would be futile or the amended complaint would not withstand a motion to dismiss. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). When determining whether a complaint should be dismissed for failure to state a claim, the Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. *Cedars–Sinai Medical Center v. National League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir.2007) (citation omitted). But the Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," and does "not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.2003) (citations and quotation marks omitted).

Schutza's proposed amended complaint (Docket no. 24, Ex. 1 (Propd Am. Compl.)) says he has a "regular history of shopping at this store" and that he plans to continue shopping there. (*Id.*, ¶ 16.) On the day in question, he says he looked for a wheelchair-accessible transaction counter but saw none. (*Id.*, ¶ 11.) He asked a store employee who was at the counter whether there was a lowered transaction counter he could use, but the employee "was unable or unwilling to identify a lowered transaction counter where the plaintiff could be serviced." (*Id.*) On this basis, he alleges the business has "failed to

/ / /

/ / /

/ / /

/ / /

implement and carry out a policy and practice of handling transactions with wheelchair users at a lowered, accessible counter." (*Id.*, ¶ 13.)[1]

Although the brief in chief clearly says that the County Motor Parts has handicapped-accessible counters, the proposed amended complaint expresses uncertainty about whether there was or is one there at all:

> [T]here was no wheelchair accessible transaction counter on the dates of his visits either because one does not exist on the property or because it was not made available for use.

(Propd Am. Compl., ¶ 12.)

> Installing a wheelchair accessible counter and implementing a policy of keeping the wheelchair transaction counter in use is easily accomplished and carried out without much difficulty or expense. If a wheelchair counter existed, the implementation of a policy to maintain it in useable condition for wheelchair users costs almost nothing. If a wheelchair counter did not exist, the installation of a lowered section of counter is an inexpensive and common construction task, not even requiring building permits.

(*Id.*, ¶ 15.)

> [T]he plaintiff will continue to patronize the store and continue to suffer the discrimination alleged above until the defendants install an accessible counter . . . .

(*Id.*, ¶ 16; *see also id.* at ¶¶ 21–22 (alleging the transaction counter is too high and a lower one is needed).)

In view of Schutza's representations in his brief in chief, the Court concludes these are drafting errors, probably inadvertently not omitted when revising the complaint, and that Schutza in fact knows the business has a wheelchair-accessible transaction counter. Apparently what the proposed amended complaint means is that Schutza asked to use the counter (which he did not, at the time, know existed) but the employee did not tell him where

/ / /

---

[1] This allegation differs somewhat from Schutza's representations in his brief in chief. In that brief, he says there <u>were</u> policies or procedures, and that those policies or procedures made the counter unavailable. Had the proposed amended complaint included such an allegation, however, it would have been merely conclusory. No factual allegations suggest that the employee's failure to direct Schutza to the wheelchair-accessible counter was anything other than an isolated incident. And in any case, there is nothing to suggest that if Schutza pointed out the wheelchair-accessible counter, which he now knows is there, there would be any problem with his using it.

it was, either because the employee either did not know about it or did not want to make inquiries about where it was, or perhaps just did not tell him for some other reason. But the motion makes clear that Schutza now knows that one exists, and where it is.

Even assuming County Motor Parts failed to put in place a policy under which store employees would be educated about where the wheelchair-accessible transaction counter is and would direct customers to it when asked, Schutza would not benefit from an injunction requiring such a policy to be put in place. He now knows there is such a counter, and where it is, and no longer needs anyone to tell him these things. There is no allegation that he ever pointed it out, asked or attempted to use it, and was refused. Nor are there any facts alleged suggesting any reasonable likelihood that this would happen in the future. The proposed amended complaint therefore does not plead any facts suggesting that injunctive relief is available to him on this claim, or that the Court would have the power to grant it. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.,* 528 U.S. 167, 180–81 (2000) (holding that federal courts have jurisdiction only where it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision")*; Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (a plaintiff seeking declaratory or injunctive relief must show she is "realistically threatened by a repetition of the violation"). *See also Castagnola v. Hewlett-Packard* Co., 2012 WL 2159385, at *6 (N.D.Cal., June 13, 2012) (citing cases for the proposition that plaintiffs had not shown a realistic threat of harm to support an injunction, where they already knew information that an injunction would have required to be disclosed).

The original complaint, and the proposed amended complaint both attempt to allege that there are other barriers on the premises:

> In addition, and even though plaintiff did not personally encounter this barrier, defendants place moveable obstructions (like barrels where merchandise is stored) about the sales floor, which reduces the clear space and path of travel in front of merchandise below that permitted by the ADA and creating impediments to use by wheelchair users.

(Propd. Am. Compl., ¶ 17.) While an ADA claim may rely on barriers the plaintiff did not personally encounter but which nevertheless deter him from using the premises, or deny him equal access, *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 951 (9th Cir. 2011) (en

banc), injunctive relief is limited to barriers that deny the plaintiff "full and equal enjoyment" of the facilities, *id.*, at 947, and the plaintiff is "likely to encounter on future visits," *id.* at 951. In other words, barriers that are the same for everyone — whether handicapped or not ---- are not remediable under the ADA. For example, if the barrels and other items reduced the available space so that everyone, and not just people in wheelchairs, had to take another path, it would not amount to an ADA violation.

But more seriously, the allegations make clear Schutza has been to the premises regularly, yet has never personally encountered any of these obstructions on the sales floor. This suggests the items are there only temporarily or rarely, or else were placed in areas Schutza has never wanted to go. It is possible the items are placed in the aisles while being moved from one place to another, or for purposes of restocking the shelves. Temporary barriers or obstacles of this type do not give rise to cognizable injuries under the ADA. *See Chapaman v. Pier 1 Imports (U.S., Inc.)*, 870 F. Supp. 2d 995, 1014 (E.D.Cal., 2012). *See also Cohen v. City of Culver City*, 754 F.3d 690, 699 (9th Cir. 2014) (holding that "temporary obstructions do not violate the ADA," unless they "persist beyond a reasonable period of time"). If the barrels and other items are anything other than temporary or transitory obstructions, the proposed amended complaint has failed to plead any facts that would support such an inference.

Because the proposed amended complaint does not state a cognizable federal claim, the Court would not exercise supplemental jurisdiction over the state law claims, *see United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966) ("if the [plaintiffs'] federal claims are dismissed before trial, the state claims should be dismissed as well"), and the entire complaint would be subject to dismissal. Permitting Schutza to file the proposed amended complaint would be futile, and the motion for leave to amend (Docket no. 19) is **DENIED**.

For the reasons set forth above, it appears the Court lacks jurisdiction over this case. No later than **October 20, 2014**, Schutza must take one of the following three steps: 1) He may, together with the remaining Defendant, jointly move to dismiss; 2) If County Motor Parts

does not agree to a joint motion, he may move *ex parte* to dismiss the action; or 3) He must show why the Court has jurisdiction. If he opts for the third choice, he must show cause by filing a memorandum of points and authorities, which must not exceed five pages (not including any lodged or attached material), and he must attach a proposed amended complaint to it as an exhibit. The memorandum and proposed amended complaint must clearly show why the Court has jurisdiction. If he files a memorandum, County Motor Parts may file a response in opposition within **7 calendar days**. No hearing will be held unless the Court deems it necessary. If Schutza fails to do any of these three things, this action will be dismissed without leave to amend.

**IT IS SO ORDERED**.

DATED:  October 10, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge